UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RADIO SYSTEMS CORPORATION, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:05-cv-243 |
| | ) | | (VARLAN/SHIRLEY) |
| TRI-TRONICS, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiff's Motion for Summary Judgment of Invalidity of U.S. Patent No. 4,802,482 Under U.S.C. § 112 [Doc. 53]. Defendant has responded in opposition to the pending motion [Doc. 57] and plaintiff has filed a reply brief [Doc. 59] in support of its motion for summary judgment, making the motion ripe for determination. For the reasons set forth herein, plaintiff's motion for summary judgment will be **DENIED**.

**I.     Relevant Facts**

This patent infringement case involves certain claims in a patent held by defendant, Tri-Tronics, Inc. The patent at issue, U.S. Patent No. 4,802,482 ("the '482 patent"), concerns a remote animal training device that uses a portable transmitter with controls for selecting various degrees of electrical stimulation to be applied to the animal wearing the device. [Doc. 54 at 3.] As plaintiff notes in its motion for summary judgment, a defining feature of this

device is that the emission of electrical stimulation can be controlled by the operator of the transmitter, as the transmitter generates starting and stopping signals that "control the time of initiation and the time of termination of the electrical stimulation independent of any preselected timed stimulation period." [*Id.*]

Plaintiff, Radio Systems Corporation, manufactures and sells dog training collars utilizing electrical stimulation and these dog training products are in competition with similar products manufactured and sold by defendant. After receiving a letter from defendant in April 2005 alleging that five of its products infringe the '482 patent, plaintiff filed suit seeking a declaratory judgment that its products do not infringe the '482 patent. Defendant then filed a counterclaim for patent infringement, claiming that plaintiff has infringed Claims 7, 9, 10, and 12 of the '482 patent with five of its products: the ProHunter 2400, FieldTrainer 400, FieldTrainer 400S, SportHunter 1800, and WetlandHunter 2000. Plaintiff now moves for summary judgment [Doc. 53] on the grounds that the '482 patent is invalid and unenforceable under 35 U.S.C. § 112. Plaintiff makes two arguments as to why it should be granted summary judgment: (1) that Claims 7(a) and 12(a) of the '482 patent are indefinite and therefore void; and (2) that the entire '482 patent is invalid and void for failing to disclose the inventors' best mode of carrying out the invention.

## II. Analysis

### A. Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* In the context of a motion for summary judgment based on a claim of patent invalidity, the Federal Circuit has stated the following:

> To grant summary judgment on a factual question, all disputed material facts must be resolved in favor of the non-movant, and consideration must be given to the evidentiary standard of proof. A disputed fact is material if it may affect the outcome of the suit. When the non-movant cannot prevail even on its view of the facts, with doubts resolved in its favor, the moving party is entitled to judgment as a matter of law.

*High Concrete Structures, Inc. v. New Enterprise Stone and Lime Co., Inc.*, 377 F.3d 1379, 1382 (Fed. Cir. 2004) (internal citations removed).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Here, defendant argues that plaintiff has infringed Claims 7, 9, 10, and 12 of the '482 patent. In its motion for summary judgment, plaintiff argues that those four claims are indefinite and accordingly void and that the entire '482 patent is void for failing to disclose the inventors' best mode of embodying invention. The Court will address these arguments in turn.

At the outset, the Court notes that issued patents, like the '482 patent that is the focus of the pending motion for summary judgment, are subject to a statutory presumption of validity. 35 U.S.C. § 282. Accordingly, "close questions of indefiniteness in litigation involving issued patents are properly resolved in favor of the patentee," *Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1371 (Fed. Cir. 2004) (internal quotations removed), and "overcoming the presumption of validity requires that any facts supporting a holding of invalidity must be proved by clear and convincing evidence." *Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369, 1376 (Fed. Cir. 2001).

B. Claim Indefiniteness

First, plaintiff argues that Claims 7(a) and 12(a) of the '482 patent are void on the grounds of indefiniteness. Claims 7(a) and 12(a) are as follows:

> 7. An animal training apparatus comprising in combination: (a) means for producing starting signals and stopping signals;
>
> 12. A training apparatus comprising in combination: (a) means for selectively producing and terminating a control signal.

[Doc. 54, Ex. A at 8.] Plaintiff argues that, as to both subsections, the patent specification gives no indication of what might constitute the means or structure for producing starting, stopping, or control signals.[1] [Doc. 54 at 9, 14.] In response, defendant argues that because this element of its claim is a standard component well know in the art, it is not required to describe it with as much specificity as would otherwise be required and accordingly, that it has adequately disclosed the structure used to accomplish the functions of the element described in Claims 7(a) and 12(a). [Doc. 57 at 7-9.] Defendant also notes that the same argument was raised during the prosecution of the '482 patent and that amendments it subsequently made to the '482 patent "overcame the Examiner's concerns, and persuaded the Examiner that sufficient structure had been disclosed to produce starting signals and stopping signals." [*Id.* at 7.]

---

[1] Plaintiff argues that the means recited in subsection (a) of Claim 12 are the same means in subsection (a) of Claim 7, [Doc. 54 at 13-14] and defendant does not contest this assertion [Doc. 57 at 7.] Accordingly, the Court will analyze those claims together.

Section 112, paragraph 2 of the Patent Act requires that patent claims described the claimed subject matter in definite terms: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. A claim is definite if one of ordinary skill in the art world would understand the bounds of the claim when read in light of the specification. *Exxon Research and Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001). The Court in *Exxon Research* went on to state that a claim is not rendered indefinite merely because its phrasing is "less than ideal" or because it "poses a difficult issue of claim construction." *Id.* Rather, "[i]f the meaning of the claim is discernable, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds." *Id.*

Section 112 of the Patent Act also stipulates that a patent can meet the requirement of definiteness by describing an element of the claimed invention in terms of the function performed by that element:

> An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

35 U.S.C. § 112, ¶ 6. For such a means-plus-function claim to satisfy the definiteness requirement of the Patent Act, the specification in question must set forth the structure that performs the function described in the claim. *JVW Enterprises, Inc. v. Interact Accessories,*

6

*Inc.*, 424 F.3d 1324, 1330 (Fed. Cir. 2005); *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1321 (Fed. Cir. 2003). Thus, construing a means-plus-function claim is a two-step process whereby the claimed function must first be determined, followed by identification of the structure that performs that function. *JVW Enterprises*, 424 F.3d at 1330.

Here, plaintiff argues that the specification of the '482 patent fails to disclose the structure that produces the starting and stopping signals claimed in Claims 7(a) and 12(a). [Doc. 54 at 9, 14.] However, the '482 patent describes "a radio frequency receiver circuit 7, which can be similar to the circuitry contained in the assignee's commercially marketing Model A170 system." [Doc. 54, Ex. A at col. 4, lines 23-26.] The written description proceeds to explain the workings of the receiver unit:

> In accordance with the present invention, receiver circuit 7 decodes the transmitter control signals received from remote transmitter 1 and produces a corresponding high level stimulation control signal on one of conductors 7A, 7B, and 7C, which causes the receiver unit 3 to produce a corresponding number of current pulses per second through electrodes 8 and 9, thereby producing the selected degree of electrical stimulation appropriate to the present training situation.

[*Id.* at col. 4, lines 27-35.] While plaintiff argues that this description is too vague to qualify as a corresponding structure for a means-plus-function claim [Doc.54 at 13], the Court of Appeals for the Federal Circuit has held that a structure included in a specification need not be described in detail to show that it performs the claimed function when that structure is well known in the art. *S3 Inc. v. Nvidia Corp.*, 259 F.3d 1364, 1371 (Fed. Cir. 2001). In light of this standard, defendant's contention that is has adequately disclosed the structure that produces the claimed starting and stopping signals, and the presumption of validity

7

accorded to issued patents generally, the Court finds that there are genuine issues of material fact as to whether defendant's description of the receiver circuit is sufficiently disclosed. Accordingly, summary judgment will not be granted on plaintiff's charge of claim indefiniteness at this time.

C. <u>Best Mode</u>

Plaintiff also argues that the '482 patent is void for failing to set forth the inventors' contemplated best mode for the invention. [Doc. 54 at 19-21.] In response, defendant argues that the inventors of the '482 patent, Mr. Gerald Gonda and Mr. Greg Farkas, did not have a best mode in mind at the time defendant filed the application for the '482 patent on September 21, 1987. [Doc. 57 at 13-14.]

Section 112, paragraph 1 of the Patent Act requires an inventor to disclose the best mode for carrying out the invention, provided that one exist: "The specification...shall set forth the best mode contemplated by the inventor of carrying out his invention." 35 U.S.C. § 112, ¶ 1. "The best mode requirement creates a statutory bargained-for exchange by which a patentee obtains the right to exclude others from practicing the claimed invention for a certain time period, and the public receives knowledge of the preferred embodiments for practicing the claimed invention." *Teleflex, Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1330 (Fed. Cir. 2002). The requirement is meant to prohibit an inventor from obtaining a patent while withholding from the public the best mode of using the invention, thereby effectively nullifying the public disclosure that is an inventor's price for a government monopoly of limited duration over the patent. *Bayer AG v. Schein*

*Pharmaceuticals, Inc.*, 301 F.3d 1306, 1316 (Fed. Cir. 2002); *Dana Corp. v. IPC Ltd. P'ship*, 860 F.2d 415, 418 (Fed. Cir. 1988) ("The purpose of the best mode requirement is to ensure that the public, in exchange for the rights given the inventor under the patent laws, obtains from the inventor a full disclosure of the preferred embodiment of the invention."). Deeming a patent invalid for failure to disclose the inventor's best mode or preferred embodiment requires meeting the high standard of presenting "clear and convincing evidence that the inventor knew of and concealed a better mode of carrying out the claimed invention than that set forth in the specification." *Teleflex*, 299 F.3d at 1330; *see also Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1536 (Fed. Cir. 1987) (holding that violation of the best mode requirement is a question of fact dependent upon the patent applicant's intent).

Whether a patent satisfies the best mode requirement is a question of fact involving a sequential two-pronged inquiry. The first prong is subjective, focusing on the inventor's state of mind at the time of the filing of the patent application, and asks whether the inventor considered that a particular mode of practicing the invention was superior to all other modes contemplated at the time. If so, then the second, objective prong asks whether the specification adequately discloses this best mode. *Teleflex*, 299 F.3d at 1330.

Plaintiff alleges that the inventors of the '482 patent, Mr. Gonda and Mr. Farkas, were aware of two modes – analog and digital – of encoding the signals that pass from transmitter 1 to receiver 7. [Doc. 54 at 18.] Plaintiff goes on to argue that the inventors had a clear preference for using digital encoding in their embodiments of the invention, but that the specification of the '482 patent does not disclose digital encoding as the best mode of

encoding the control signals. [*Id.* at 18-20.] The Court has carefully reviewed the relevant evidence as to this claim and finds that neither the depositions or affidavits of Mr. Gonda and Mr. Farkas provide clear and convincing evidence that the inventors considered digital encoding to be their best mode in 1987. Accordingly, because the evidence on this point does not remove all questions of material fact, summary judgment will not be granted as to plaintiff's charge that defendant failed to set forth the best mode of practicing the claimed invention.

**III.  Conclusion**

For the reasons set forth herein, plaintiff's Motion for Summary Judgment [Doc. 53] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE